RENDERED: AUGUST 7, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1003-MR

RUSSELL COUNTY BOARD OF
EDUCATION; MICHAEL FORD;
AND SHANNA TARTER                                        APPELLANTS


                    APPEAL FROM RUSSELL CIRCUIT COURT
v.          HONORABLE DAVID WILLIAMS, SPECIAL JUDGE
                    ACTION NO. 22-CI-00286


JENNIFER PENDLETON AND
AYDAN HARDWICK                                              APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2022, Aydan Hardwick ("Hardwick") was a senior at
Russell County High School in Russell County, Kentucky. On August 26, 2022,
he possessed and allegedly consumed alcohol on the school's premises prior to a
football game. Hardwick was subsequently suspended from school for three days
and temporarily enrolled in an alternative schooling program.

Hardwick and his mother, Jennifer Pendleton ("Pendleton") (collectively referred to as "Appellees") sought review of the punishment before the Russell County Kentucky Board of Education ("Board"), Superintendent Michael Ford ("Ford"), and Principal Shanna Tarter ("Tarter") (collectively referred to as "Appellants"). Appellants generally claim that the Appellees imposed an unwarranted and unsupported punishment, deprived Hardwick of due process, and violated the school's Grievance Procedures and the Discipline Code.

When the issue was not satisfactorily resolved internally, Appellees filed suit in the Russell Circuit Court. Appellants filed a motion for summary judgment based on governmental and qualified official immunity, which the circuit court denied. They appeal to this Court as a matter of right. For the following reasons, we vacate and remand.

## STANDARD OF REVIEW

This interlocutory appeal is permissible pursuant to *Breathitt County Board of Educucation v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. "Once the material

---

[1] Kentucky Rules of Civil Procedure.

facts are resolved, whether a particular defendant is protected by official immunity is a question of law, which we review *de novo*." *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006), *as corrected* (Sep. 26, 2006) (citations omitted). With this standard in mind, we return to the facts and law at issue in the present case.

## ANALYSIS

The trial court denied Appellants' motion for summary judgment because "the doctrines of Governmental Immunity *and* Qualified Official Immunity are inapplicable to the case at bar based upon the facts before the Court." (Emphasis added.) Thus, there are two matters to be resolved. First, Kentucky courts have repeatedly held:

> School boards and their employees are considered agencies of the state and enjoy governmental immunity. *James v. Wilson*, 95 S.W.3d 875, 904 (Ky. App. 2002). "The immunity that an agency enjoys is extended to the official acts of its officers and employees. However, when such officers or employees are sued for negligent acts in their individual capacities, they have qualified official immunity." *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007).

*Mucker v. Brown*, 462 S.W.3d 719, 721 (Ky. App. 2015). The Board and its members are therefore entitled to governmental immunity. This also applies to public school officials when sued in their official capacities. *Autry v. Western Kentucky University*, 219 S.W.3d 713 (Ky. 2007) ("State agency officials or

-3-

employees, when sued in their official capacity, have the same immunity as their employer."). However, when a public official is sued in his or her individual capacity for negligence, he or she may be entitled to the shield of qualified official immunity.[2]

Qualified official immunity applies to a negligent act or omission by a public officer or employee for his or her "(1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment . . . ; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (citation omitted). However, qualified immunity does not extend to the negligent performance of ministerial acts. *Id*. In *Marson v. Thomason*, the Kentucky Supreme Court observed that the distinction between ministerial and discretionary duties is difficult to discern. 438 S.W.3d 292, 296 (Ky. 2014). And because most acts are neither purely discretionary or purely ministerial, it is the "*dominant* nature of the act" that controls. *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010) (emphasis in original).

---

[2] It is unclear from the caption of the underlying complaint whether Tarter and Ford are being sued in their official or individual capacities. *See Bolin v. Davis*, 283 S.W.3d 752, 757 (Ky. App. 2008), *as modified* (Jan. 23, 2009) (treating ambiguous pleadings as having sufficiently stated a claim against Wilson in his individual capacity). Further, it is unclear what causes of action are alleged here. Without expressly invoking a negligence-based cause of action, the complaint cites that Appellants were injured "as a direct and proximate result" of the allegations, and generally asserts—without specificity—that "constitutional, statutory, and rules relating to students" were also violated.

In recent years, appellate courts have detailed what is required of parties and trial courts in qualified immunity cases. *Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 829–30 (Ky. 2021). Courts applying *Meinhart* are further instructive.

> The order granting summary judgment must be reversed and the case remanded to the circuit court. If the circuit court deems it necessary, it *may* order additional briefing, or permit discovery, or both. However, whether the trial court finds it necessary to permit additional discovery or not, it must enter a new order with findings in accordance with the standards described in *Meinhart*, *supra*.

*Barnette v. Evans*, 697 S.W.3d 749, 757 (Ky. App. 2024) (emphasis in original). In the absence of analysis and findings in accordance with *Meinhart*, the same result is required here.[3]

## CONCLUSION

Based on the foregoing, the order denying summary judgment is hereby VACATED. This case is REMANDED for further proceedings, if

---

[3] *See also, e.g.*, *Dickerson v. Bower*, 723 S.W.3d 799, 807 (Ky. App. 2025), *review denied* (Dec. 10, 2025) ("[C]ase law now clearly does require factfinding and explains very precisely how the trial court can better facilitate appellate review when making those findings of fact."). Recent unpublished cases, while not binding, echo this concern. *City of Shively v. Senter*, No. 2024-CA-1238-MR, 2025 WL 3038835, at *5 (Ky. App. Oct. 31, 2025) ("Here, the trial court did not make the findings required by *Meinhart*. Thus, we must vacate and remand the matter to the trial court to conduct the analysis required by *Meinhart* and subsequent cases."); and *Jefferson Cnty. Sheriff's Off. v. Jennings*, No. 2024-CA-0778-MR, 2025 WL 2263782, at *11 (Ky. App. Aug. 8, 2025) ("Issues involving qualified official immunity require 'certain factual findings' to be made. *Meinhart*, 627 S.W.3d at 829.").

necessary, and the entry of analysis and findings by the circuit court required by

*Meinhart* and subsequent cases.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Michael A Owsley
Lindsay Tate Porter
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

Joel R. Smith
Jamestown, Kentucky

Anna Stewart Whites
Frankfort, Kentucky